Peter Johnson (State Bar No. 252542)
Peter Johnson Law, P.C.
407 N. Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785
Facsimile: (213) 319-2907
Email: peter@peterjohnsonlaw.com

Vicki I Podberesky (State Bar No. 123220)
Andrues/Podberesky/
818 West 7th Street Suite 960
Los Angeles, California 90017
Telephone: (213) 395-0400
Facsimile: (213) 295-0401
Email: vpod@aplaw.law

Attorneys for Defendant
SARA SOULATI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br><br><br>SARA SOULATI<br><br>Defendant | Case No. 2:19-cr-00527-ODW-2<br><br>**DEFENDANT SARA SOULATI'S SENTENCING MEMORANDUM**<br><br>**Hearing: December 15, 2025**<br>**Time: 11:00 a.m.**<br>**Location: Courtroom 5D**<br>**The Honorable Judge Wright** |

//
//
//

Defendant Sara Soulati ("Ms. Soulati"), by and through her counsels of record, Peter Johnson and Vicki Podberesky, respectfully submits the following sentencing memorandum to recommend a sentence of time-served with a term of home detention to follow. The government joins this recommendation.

DATED: December 15, 2025

Respectfully submitted,

By: __________/s/_________________
PETER JOHNSON
Attorney for Sara Soulati

By: __________/s/_________________
VICKI I. PODBERESKY
Attorney for Sara Soulati

## Table of Contents

**I. INTRODUCTION ........ 1**

**II. OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT ...... 1**

**III. THE FACTORS UNDER 18 U.S.C. § 3553(a). ........ 1**

**A. Nature and Circumstances of the Offense (§ 3553(a)(1)) ........ 1**

**B. History and Characteristics of the Defendant (§ 3553(a)(1)) ........ 2**

**C. The Need for the Sentence Imposed (§ 3553(a)(2)): ........ 3**

**i. To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment; ........ 3**

**ii. To Afford Adequate Deterrence to Criminal Conduct; ........ 4**

**iii. To Protect the Public from Further Crimes; ........ 4**

**iv. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment. ........ 4**

**D. The Kinds of Sentences Available (§ 3553(a)(3)) and the Sentencing Guidelines and Policy Statements (§ 3553(a)(4)-(5)) ........ 4**

**i. Restitution ........ 5**

**ii. Home Detention ........ 5**

**IV. CONCLUSION ........ 6**

# MEMORANDUM

## I. INTRODUCTION

Today, Ms. Soulati will appear before the Court for sentencing pursuant to an 11(c)(1)(C) binding plea agreement. The parties jointly recommend a sentence of time-served with a term of home detention to follow. That sentence should calculate to a guideline range sentence of 8 months, with approximately 5 months and 24 days credit for time served, and the remainder of the time (approximately 2 months) served on home detention.

During the home detention portion of her sentence, Ms. Soulati respectfully requests that the Court permit her to continue serving as the primary caregiver for her elderly parents, including transporting them to medical appointments, an upcoming surgery, and post-surgical follow-up visits.

## II. OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Presentence Report (PSR) was disclosed on December 10, 2025. Ms. Soulati has only one objection. The PSR summarizes Ms. Soulati's assets as including $40,000 to $50,000 that remain in the client trust account of counsel. (PSR ¶ ¶ 102, 105). However, those funds belong to Ms. Soulati's father, not Ms. Soulati.

## III. THE FACTORS UNDER 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense (§ 3553(a)(1))

Ms. Soulati accepts full responsibility for her actions and pleaded guilty to Counts 11 and 12 of the indictment, which charge her with health care fraud in violation of 18 U.S.C. § 1347. (PSR ¶ 42.) The fraudulent claims submitted to

Medicare were for cardiovascular stress tests that were not medically necessary, resulting in a loss of approximately $106,178 to Medicare. (PSR ¶ 9.)

While the offense is serious, it is important to note that Ms. Soulati has demonstrated remorse and accountability by pleading guilty and agreeing to pay restitution. (PSR ¶ 63.)

**B. History and Characteristics of the Defendant (§ 3553(a)(1))**

Ms. Soulati is 55 years old. (PSR ¶ 78.) She was born in Iran and relocated to the United States at age 7 due to the Iranian Revolution. (PSR ¶ 81.) At that time, she lived in Newport Beach, California, with her mother and brother. (PSR ¶ 81.)

Ms. Soulati is the primary caregiver for her parents, managing their shopping, chores, and medical appointments. (PSR ¶ 79.) Her father, aged 84, retired, suffers from renal failure, hypertension, and diabetes. (PSR ¶ 78.) Her mother, age 78, is a housewife, and unable to care for her husband. (PSR ¶ 78.)

Ms. Soulati earned a Bachelor of Arts degree from California State University, Long Beach, in 2000. (PSR ¶ 89.) She has specialized training as an emergency medical technician and certified Enhanced External Counterpulsation (EECP) technician. (PSR ¶ 90.) She has worked in the EECP field since 1996. (PSR ¶ 90.)

Ms. Soulati owned Global Cardio Care, Inc. (GCC) from 2002 to 2020, providing lifestyle modification programs for cardiovascular disease prevention and reversal. (PSR ¶ 26.) She is currently employed as a personal assistant for two individuals from 2022 and 2024, respectively. (PSR ¶ ¶ 92, 91.) She has also worked as a dog walker and grocery store employee during pretrial release. (PSR ¶ 94.) Ms.

Soulati plans to return to the EECP field post-sentencing with no billing to any government agency, including Medicare. (PSR ¶ 95.)

Ms. Soulati is in Criminal History Category I and is a zero-point offender, which reflects her otherwise law-abiding life. (PSR ¶ 72.) She has expressed remorse for her actions and is committed to making amends. (PSR ¶ 63.) She has also agreed to pay restitution in full and abide by all conditions set forth by the Court. (PSR ¶ 9.)

**C. The Need for the Sentence Imposed (§ 3553(a)(2)):**

**i. To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment;**

The recommended sentence appropriately balances the need for accountability with the recognition of her acceptance of responsibility. The punishment imposed does not only include forward looking home detention and supervised release; it also includes the five years of pretrial release where Ms. Soulati was restricted from administering and promoting EECP, a service that she has spent most of her life administering to help people live healthier lives. That time also included a period of pretrial custody at the Los Angeles, Metropolitan Detention Center (MDC), home detention, curfew, and restrictions on the use of her phone, computer, and employment. (PSR ¶ ¶ 12-14.) The collective punishment over the last five years, a period of home detention, and continued supervised release over the next three years, reflects the seriousness of the offense, promotes respect for the law and provides just punishment.

**ii. To Afford Adequate Deterrence to Criminal Conduct**;

The agreed-upon sentence will serve as a deterrent to others who may consider engaging in similar fraudulent activities. Ms. Soulati's case demonstrates that such actions have serious consequences, including criminal penalties and restitution obligations. (PSR ¶ 7.) Moreover, fraud in billing will prevent her from being eligible to bill Medicare and/or Medi-Cal in the future.

**iii. To Protect the Public from Further Crimes**;

Given Ms. Soulati's lack of prior criminal history and her demonstrated remorse, the risk of recidivism is minimal. (PSR ¶ 66.) The proposed sentence, including supervised release, will ensure compliance with the law moving forward.

**iv. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**.

Ms. Soulati does not require additional educational or vocational training, as she has been a successful business owner. (PSR ¶ 26.) However, the proposed sentence allows her to continue contributing to society while addressing the consequences of her actions.

**D. The Kinds of Sentences Available (§ 3553(a)(3)) and the Sentencing Guidelines and Policy Statements (§ 3553(a)(4)-(5))**

The agreed-upon sentence aligns with the Sentencing Guidelines, which recommend a range of 8-14 months' imprisonment for a total offense level of 11 and a Criminal History Category of I. (PSR ¶ ¶ 6, 67, 110.) The Guideline calculation also

includes a two-level reduction for acceptance of responsibility and an additional one-level reduction under U.S.S.G. § 3E1.1. (PSR ¶ 66.)

A sentence of time served, approximately two months of home confinement, 3 years of supervised release, $200 special assessment, and $106,178 restitution is consistent with the guidelines and reflects the seriousness of the offense while balancing mitigating factors in this case. (PSR ¶ 7.)

**i. Restitution**

The parties agree that the restitution amount should be set at $106,178. (PSR ¶ 7.) U.S. Probation recommends that Ms. Soulati make an initial partial payment of $40,000, followed by monthly payments of not less than $300.00. (PSR ¶ ¶ 107-108.) Ms. Soulati respectfully requests that the Court permit her to make monthly payments without requiring the initial $40,000 payment. The referenced $40,000 is currently held in counsel's client trust account (PSR ¶ ¶ 102, 105); however, these funds belong to Ms. Soulati's father, not Ms. Soulati.

**ii. Home Detention**

Ms. Soulati provides care for her parents, particularly her father, who suffers from renal failure, hypertension, and diabetes. (PSR ¶ ¶ 78, 79.) In addition to these medical conditions, Ms. Soulati's father is scheduled to undergo back surgery in January 2026. Ms. Soulati resides in Santa Monica, while her parents live in Newport Beach.

Provided that it is approved by U.S. Probation, Ms. Soulati respectfully requests to:

1) serve the initial portion of the approximately two-month period of home detention at her parents' residence in Newport Beach to assist with her father's care and recovery;

2) serve the remainder of the home detention at her residence in Santa Monica, if her father's post-surgical condition permits; and

3) be permitted to leave her home or her parents' home to take her father and mother to the hospital, their medical appointments, and post-surgery appointments during the home detention period.

## IV. CONCLUSION

Ms. Soulati understands that her actions were wrong and accepts the consequences of her actions. She used her time in custody and under the supervision of Pretrial Services to reflect deeply on the choices that led her here. Ms. Soulati is determined never to repeat her mistakes.

A sentence of time served and approximately two months of home confinement would be sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, while recognizing her acceptance of responsibility, nonviolent conduct, and lack of significant criminal history.

//

//

//

//

For the above reasons, Ms. Soulati respectfully asks the Court to accept the binding plea agreement and sentencing.

DATED: December 15, 2025

Respectfully submitted,

By: ___________/s/___________________
PETER JOHNSON
Attorney for Sara Soulati

By: ___________/s/___________________
VICKI I. PODBERESKY
Attorney for Sara Soulati